UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAM E. HUGHES, JR.,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Civil Action No.
07-CV-11920

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER REMANDING THIS MATTER
TO THE COMMISSIONER OF SOCIAL SECURITY
PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g)**

This matter is presently before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation ("R&R") dated July 3, 2008. In her R&R, Magistrate Judge Majzoub recommends that the Court deny Plaintiff's Motion for Summary Judgment [docket entry 13] and grant Defendant's Motion for Summary Judgment [docket entry 18]. On July 23, 2008, Plaintiff filed objections to the Magistrate Judge's R&R. Defendant has not filed a response to Plaintiff's objections and the time to do so has long expired.

Plaintiff's objections to the Magistrate Judge's R&R are as follows:

1. Plaintiff objects to the Magistrate's finding in support of the Administrative Law Judge's ("ALJ") conclusion regarding Plaintiff's credibility;

2. Plaintiff objects to the Magistrate's support of the ALJ's decision concerning the controlling weight to be given to a treating physician's opinion concerning disability and his reliance upon the DDS examiner's reports which should not be given the same weight as that of the treating physician.

1

3. Plaintiff objects to the Magistrate's finding supporting the ALJ"s [sic] conclusion that there was no period of 12 consecutive months during which Plaintiff lacked the functional capacity to perform sedentary work.

4. Plaintiff objects to the Magistrate's finding concerning Plaintiff's request for a sentence 6 remand to consider the additional evidence presented to the Appeals Council and referenced in their decision.

(Pl.'s Objections at 1-2.) The Court reviews *de novo* those portions of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In the present case, Plaintiff essentially objects to the "Discussion and Analysis" portion of the R&R in its entirety. Accordingly, the Court has conducted a *de novo* review of this matter. For the reasons that follow, the Court will reject the Magistrate Judge's R&R and remand this matter to the Commissioner of Social Security for consideration of new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g).

In his objections, Plaintiff "strenuously object[s]" to Magistrate Judge Majzoub's recommendation against granting a sentence-six remand. "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g) . . ." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 482-483 (6th Cir. 2006). "[T]wo separate sentences within [§ 405(g)] authorize remands to the Commissioner." *Id*. at 483. The one at issue in this case, a sentence-six remand, authorizes a district court to "reopen[] . . .the administrative record so that the Commissioner may consider 'new and material evidence that for good cause was not previously presented to' the Commissioner." *Id*. (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994)). As stated by the Sixth Circuit,

> the statute is quite explicit as to the standards that must be met before a district court may order a sentence six remand for the taking of additional evidence. In particular, it must be shown (i) that the evidence at issue is both

"new" and "material," and (ii) that there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding."

*Id.* (citation omitted).

> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." Such evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ.

*Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citations omitted). "The party seeking a remand bears the burden of showing that these . . . requirements are met." *Hollon*, 447 F.3d at 483.

As Magistrate Judge Majzoub notes, Plaintiff requests a sentence-six remand for the first time in his reply brief. *See* R&R at 13. Plaintiff believes that he is entitled to a remand under sentence-six based on the August 28, 2004, and September 25, 2004, reports of Dr. Field. The body of the August 28, 2004, report reads as follows:[1]

> [Plaintiff] was seen today and he is a gentleman that we have seen previously and he has had alot of injuries, bicycle injuries, had alot of falls and he has know cervical and lumbar spondylotic disease but now has gone on to develop atrophy of the supra and intfra and supraspinatus and deltoid with C5 root signs. I could not glene a history of anytying drug wise that might have precipitated this. He has had alot of neck, shoulder and arm pain and moves with some caution as he tries to walk.
>
> We have done a systemic review, head, eyes, nose, throat, endocrine, cardiorespiratory, gastrointestinal, bone and joint, genitourinary, neuromuscular and allergic. The patient has a scratch mark on the left hand where he feels that his balance is bad, Recently apparently almost burned his fair off and singed his scalp. The disc margins are distinct. His ocular

---

[1] Due to the large number of spelling and grammatical errors in Dr. Field's reports, the Court dispenses with its typical use of "[sic]" after every mistake in order to avoid unnecessary clutter.

3

> motility is full. The atrophy and the associated weakness is present more on the left than on the right. His extremity strength seems to be intact. His gait is normal. Romberg seems to be slow and really unsteady. I don't find anyother definite evidence of abnormalities, certainly does not have a Horner's syndrome and he has alot of tenderness in the supraclavicular area and I think that needs to be kept in mind along with his history of having been a smoker, although one wound not expect a pancost tumor produce C5 root signs first but more C8 and T-1. His pulses are intact, they are not obliterable. Skin condision is satisfactory. Cognition is satisfactory and I had the impression that he is depressed.
>
> We are going to start the investigation with an EMG study of his shoulders and go from there.

Tr. 366. The body of the September 25, 2004, report reads as follows:

> Mrs. Hughes was seen today. We have re-examined him. We did not do a systemic review including heads, eyes, ears, nose, throat, endocrine, cardiorespiratory, gastrointestinal, bone and joint, neuromuscular, genitourinary and the allergic history and did not come up with any other new or additional symptoms or findings. We also have reviewed his myelogram, which seems to be showing some osteophytic changes, but nothing here that looks like it could be corrected surgically. Unfortunately, he has essentially from top to bottom arthritic disease. I don't see this as a situation where operative intervention would be of much help.

Tr. 367. Although Plaintiff asserts in his reply brief that these reports provide the basis for a sentence-six remand, he fails to address whether the statutory requirements for a sentence-six remand have been met. In fact, Plaintiff entirely fails to even acknowledge the existence of these requirements. The following constitutes Plaintiff's entire discussion of the topic in his reply brief:

> Certainly Dr. Field's report of August 28, 2004 (Tr. 366) which confirms atrophy, neck, shoulder and arm pain, muscle weakness, tenderness in the supra clabicular area confirm the results of the CT, MRI and myelogram performed prior to the hearing. Those reports alone would provide the basis for a "sentence 6" remand. Plaintiff hereby requests same.

(Pl.'s Reply at 2.) In light of Plaintiff's sparse and deficient discussion, Magistrate Judge Majzoub properly determined based on the record as it existed at the time that a sentence-six remand would

4

not be appropriate in this case.

However, after the Magistrate Judge issued her R&R, Plaintiff developed his argument in support of a remand in his objections. There, Plaintiff—for the first time—addressed the statutory requirements for a sentence-six remand:

> Plaintiff's attorney did not receive Dr. Field's report for more than two months after Dr. Field actually saw Plaintiff on September 25, 2004. Unfortunately, Dr. Field's office is not very prompt with his dictation. Plaintiff's attorney had a request into his office the day after Plaintiff reported that he had been seen on August 28, 2004. The receipt of this report did not precede the ALJ's decision which is why we submitted it to the Appeals Council.
>
> * * * *
>
> [T]he investigation prompted by Dr. Field's examination on August 28, 2004, was the beginning of this whole process which ultimately resulted in further surgery. To find that this was not material is to ignore the subsequent treatment.
>
> * * * *
>
> A remand in this case would permit Plaintiff to show the continuous line of complaints of pain, the severity of the situation which persisted following his first surgery in February, 2003, up to and including the hearing date and the Appeals Council appeal. And it would further serve to confirm the lack of substantial evidence supporting the ALJ's conclusion regarding Plaintiff's credibility. Further, the report itself certainly discusses symptomology, clinical findings and limitations greater than those opposed [sic] by the ALJ. Atrophy and associated weakness, tenderness, muscle tone and Dr. Field's discussion of top to bottom arthritic disease certainly makes these reports material.

(Pl.'s Objections at 3-4.) This discussion changes the outcome of the remand analysis. First, it is now clear that Dr. Field's reports constitute "new" evidence as that word is used in § 405(g) because they were not available to Plaintiff at the time of the administrative proceeding. Second, good cause justified Plaintiff's failure to incorporate the reports as evidence in the administrative

5

proceedings inasmuch as Plaintiff requested the reports from Dr. Field's office in a timely manner but did not receive the reports, through no fault of his own, until after the ALJ issued his opinion on November 23, 2004. Finally, the Court is unable to say that Dr. Field's reports are not material.[2]

The Court also notes that it has not heard from Defendant on the issue of whether a sentence-six remand is appropriate in this case. It is true, as noted above, that Plaintiff first requested a sentence-six remand in his reply brief. It is also true that Plaintiff unwisely waited until the eleventh hour of these proceedings to develop his argument. However, if Defendant opposed a sentence-six remand, it had the opportunity to inform the Court of the basis for its opposition by filing a response to Plaintiff's objections. Magistrate Judge Majzoub specifically advised Defendant of this right in her R&R: "Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response." R&R at 21. *See also* FED. R. CIV. P. 72(b)(2). The Court construes Defendant's silence as a tacit acknowledgment that a sentence-six remand would not be inappropriate in this case. Accordingly,

---

[2] While Dr. Field's observations about Plaintiff's scratch mark and singed scalp are certainly unlikely to alter the ALJ's no disability finding, the Court is unable to reach the same conclusion regarding the other portions of Dr. Field's report because Dr. Field appears to indicate the possibility of an exacerbation in Plaintiff's condition. Moreover, Dr. Field's statement regarding Plaintiff's shoulder, neck, and arm pain might influence the ALJ's credibility determination.

IT IS ORDERED that this matter is remanded to the Commissioner of Social Security for consideration of Dr. Field's August 28, 2004, and September 25, 2004, reports (Tr. 366-367) pursuant to sentence six, 42 U.S.C. § 405(g). The Court retains jurisdiction over the action pending further development and consideration by the ALJ.

       _s/Bernard A. Friedman_____
       BERNARD A. FRIEDMAN
       CHIEF UNITED STATES DISTRICT JUDGE

Dated: September 17, 2008
      Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman